NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0536n.06

No. 12-3528

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 31, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BURENJARGAL DUGARSUREN; SOLONGOTUYA TUDEV; MUNKH-IREEDUI GANBOLD, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | BOARD OF IMMIGRATION APPEALS |
| Respondent. | ) ) | |

BEFORE: BOGGS and COLE, Circuit Judges; and QUIST, District Judge.[*]

PER CURIAM. Burenjargal Dugarsuren, his wife, and his stepson, all citizens of Mongolia, petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from a decision of an immigration judge (IJ) denying relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Dugarsuren was born in Mongolia in 1954. He entered this country in 2005. His wife and stepson, who were born in 1969 and 1989, respectively, entered in 2006. All overstayed their visas and were placed in removal proceedings. Dugarsuren applied for the above relief. His wife and stepson had derivative claims for asylum based on Dugarsuren's application.

---

[*]The Honorable Gordon J. Quist, United States Senior District Judge for the Western District of Michigan, sitting by designation.

Dugarsuren claimed that he had suffered persecution in Mongolia on the basis of his political opinion and social group. Dugarsuren had been a school principal. He became involved in a teachers' association and became a member of the Democratic Party. He exposed local-government corruption that diverted funds intended for the schools to local officials. He testified that, in retaliation, he lost his job and apartment and received threatening phone calls. A truck ran into the back of their car, parked in front of their home, right after his wife and stepson had gotten in. The stepson was badly injured. The threatening callers claimed responsibility for this act. Dugarsuren was twice beaten by the police, resulting in hospitalizations. His wife was kidnapped and beaten by two unknown men, and their home was fire-bombed.

The IJ concluded that Dugarsuren's asylum application, filed in 2007, was untimely. He also found the petitioners' testimony to be incredible and denied the other requested relief on that basis. The BIA dismissed their appeal. This court denied petitioners' motion to stay their removal.

Dugarsuren argues that extraordinary circumstances excuse the late filing of his asylum application under 8 U.S.C. § 1158(a)(2)(D), in that head trauma and posttraumatic stress disorder that he suffered due to the beatings by police constitute a serious illness or mental or physical disability. He also argues that the IJ erred in concluding that his claims were not credible.

We lack jurisdiction to review a determination that extraordinary circumstances do not exist to excuse the late filing of an asylum application. *Vincent v. Holder*, 632 F.3d 351, 353 (6th Cir. 2011). Therefore, we dismiss the petition as to the asylum claim. Because Dugarsuren's wife and stepson had derivative claims only as to asylum, they cannot be granted any relief and their petitions for review are dismissed.

We review credibility determinations for substantial evidence, and we may reverse only if any reasonable adjudicator would be compelled to conclude to the contrary. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011).

A number of the bases cited by the IJ for finding Dugarsuren's testimony incredible were supported by substantial evidence. Dugarsuren submitted a physician's report to support his claim that he was mentally disabled to the point that he could not file a timely asylum application. The IJ found that Dugarsuren's behavior during the hearing was inconsistent with the doctor's assessment that he could not concentrate, remember things, or stay on task, when Dugarsuren answered all questions with very specific facts and dates. The IJ also found that the lack of any corroborating evidence that people who spoke out for reform of the Mongolian education system were systematically persecuted undercut Dugarsuren's claims. These well-supported findings are sufficient to show that a reasonable fact-finder would not be compelled to disagree with the IJ's finding that Dugarsuren was not credible. Even if some of the IJ's individual credibility determinations lack evidentiary support, we will not disturb the overall finding of adverse credibility because the IJ's holding is factually supported by a substantial evidentiary basis. *See Abdurakhamnov v. Holder*, 666 F.3d 978, 985 (6th Cir. 2012).

In order to be entitled to withholding of removal Dugarsuren was required to demonstrate a clear probability that he would be subject to persecution. *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). In order to be eligible for protection under the CAT, he was required to demonstrate that it was more likely than not that he would be tortured by Mongolian officials should he return there. *See Ali v. Reno*, 237 F.3d 591, 596-97 (6th Cir. 2001). In the absence of credible testimony or

corroborative evidence, Dugarsuren could not establish eligibility for either form of relief. *See El-Moussa v. Holder*, 569 F.3d 250, 256-57 (6th Cir. 2009). Accordingly, we deny the petition for review of Dugarsuren's claims to withholding and protection under the CAT, and we dismiss the petition for review of the asylum claim for lack of jurisdiction.